NICHOLAS M. WAJDA (State Bar #259178)
WAJDA LAW GROUP, APC
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. LEON, | Case No. 5:19-cv-01624 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681 ET SEQ.;** |
| FLAGSHIP CREDIT ACCEPTANCE, LLC D/B/A CARFINANCE CAPITAL, LLC d/b/a CARFINANCE.COM,  FORD MOTOR CREDIT COMPANY, LLC and EQUIFAX INFORMATION SERVICES, LLC, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## COMPLAINT

**NOW COMES** Christopher J. Leon ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of Defendants, Flagship Credit Acceptance, LLC d/b/a CarFinance Capital, LLC d/b/a Carfinance.com ("Flagship"), Ford Motor Credit Company ("Ford") and Equifax Information Services, LLC ("Equifax") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

1

**JURISDICTION AND VENUE**

2.      Subject matter jurisdiction is conferred upon this Court by the FCRA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Central District of California, Plaintiff resides in the Central District of California, and all of the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

4.      Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Central District of California.

5.      Defendant Flagship is an automobile financing corporation with its principal place of business located in Chadds Ford, Pennsylvania. Flagship is a furnisher of information to the major credit reporting agencies, including Equifax.

6.      Defendant Ford provides various automotive financing services to and through automotive dealers and consumers across the United States. Defendant has a principal place of business located at 1 American Road, Room 714A6, Dearborn, Michigan. Defendant regularly collects debts from consumers located in California. Ford is a furnisher of information to the major credit reporting agencies, including Equifax.

7.      Defendant Equifax is a foreign limited liability company with its principal place of business in Atlanta, Georgia.

8.      Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

9.      Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

2

10.   Equifax is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

**BANKRUPTCY CASE**

11.   In June 2014, Plaintiff financed a vehicle ("subject vehicle") with Ford in the amount of $30,148 ("subject loan," or "subject debt").

12.   On July 9, 2018, Plaintiff filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court, Central District of California, case number 18-15751 ("bankruptcy").

13.   Schedule E of the bankruptcy petition listed the subject loan, a pre-petition debt to Ford.

14.    On July 12, 2018, because Plaintiff listed Ford as a creditor, the Bankruptcy Noticing Center ("BNC") served Ford with notice of Plaintiff's bankruptcy filing.

15.   Plaintiff fully performed his duties and at no time did Plaintiff reaffirm the subject loan nor did Ford file a proof of claim.

16.   On October 22, 2018, the Bankruptcy Court entered a Discharge Order in Plaintiff's bankruptcy case discharging all dischargeable debts, including the subject loan.

17.   Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the subject debt by Ford, or any other party.

18.   Plaintiff's personal liability on the subject loan was extinguished via his bankruptcy discharge, thus terminating the business relationship with Ford, and any of its successors and assigns.

**CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTE TO EQUIFAX**

19.   In January 2019, after Plaintiff received his discharge, Plaintiff accessed his credit reports to determine whether his creditors were reporting accurate and complete information in his credit files. Plaintiff discovered that Equifax and Ford were reporting the subject loan with a balance, an

amount past due, a monthly payment amount, a derogatory payment history, a derogatory status, and without any indication of a bankruptcy discharge.

20.  The reporting of the subject loan was inaccurate, incomplete, and materially misleading because the subject loan was discharged in Plaintiff's bankruptcy on October 22, 2018, and thus should not have been reporting a balance of greater than $0, a past due amount greater than $0, a monthly payment amount of greater than $0, and should have been reporting that the subject loan was discharged in Plaintiff's bankruptcy.

21.  Furthermore, Plaintiff also discovered that Flagship and Equifax were inaccurately reporting his Flagship account ("Flagship account") with a balance, a high monthly payment, and an open account status, when in fact the account was paid and closed.

22.  As the account had been paid and closed, Flagship and Equifax should not have been reporting a balance of greater than $0, a monthly payment amount of greater than $0, and an open account status.

### a.  Plaintiff's Dispute Letter to Equifax

23.  On February 1, 2019, Plaintiff sent a written credit dispute letter to Equifax requesting them to report the subject loan accurately with a $0 balance, a $0 past due amount, a $0 monthly payment amount and no derogatory statuses or notations regarding the reporting of the subject loan. Plaintiff attached his bankruptcy discharge order to his dispute letter. Furthermore, Plaintiff requested that Equifax accurately report his Flagship account correctly as paid in full and with a $0 monthly payment.

24.  Among other things, Plaintiff's first dispute letter stated the following:

   a.  "FMC Omaha Service CT-This account was included in my case and the balance, payment status, amount past due, times/days late, and payment history need to be corrected. I am no longer liable for this account and I ask you correct this account."
   b.  "Car Finance-This account has been paid in full and the monthly payment of $474 should be removed and replaced with 'zero.'"

4

c.   "Please send my dispute letter to each of the creditors listed above."

25.   Upon information and belief, Ford and Flagship received notice of Plaintiff's dispute letter and all relevant bankruptcy information from Equifax within five days of Flagship receiving Plaintiff's dispute letter. *See* 15 U.S. Code §1681i(a)(2).

**b.   Defendants' Failure to Correct Inaccurate Credit Reporting**

26.   In March 2019, Plaintiff obtained his Equifax credit report to determine whether Equifax, Ford, and Flagship have updated their inaccurate and incomplete credit reporting of the subject loan.

27.   Despite receiving Plaintiff's dispute letter, Equifax and Ford continued to report the subject loan with "Balance" of $14,043, a "Past Due Amount" of $14,043, a "Monthly Payment" of $75, a "Account Status" of Collection, and "Remarks" of charged off auto account.

28.   More notably, Equifax and Ford failed to report the Ford trade line as discharged in bankruptcy and failed to report the subject loan as disputed.

29.   The reporting of the Ford trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff is still owing, delinquent, and is still obligated to pay a monthly payment on the subject loan. However, Plaintiff is no longer personally liable on the subject loan by virtue of his bankruptcy discharge on October 22, 2019.

30.   Furthermore Equifax and Flagship continued to report the Flagship account with a "Balance" of $16,612, an open account status, and a "Monthly Payment" of $474.

31.   The reporting of the Flagship trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff is still owing and is still obligated to pay a monthly payment on the Flagship account. However, Plaintiff is no longer personally liable on the Flagship account as the account had been paid and closed.

5

**IMPACT OF CONTINUING
INCORRECT REPORTING ON PLAINTIFF'S CREDIT FILE**

32.   As of today, Equifax's erroneous reporting of the Ford and Flagship accounts continues to paint a false and damaging image of Plaintiff. Equifax, Flagship, and Ford have yet to update the Ford trade line to accurately reflect the discharged status of the subject loan and the Flagship trade line to accurately reflect the paid and closed status of the Flagship account.

33.   The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, credit capacity, and his ability to move forward after his bankruptcy discharge.

34.   The inaccurate and incomplete reporting of subject loan continues to have significant adverse effects on Plaintiff's credit rating and severely affects his ability to obtain financing because it creates a false impression that Plaintiff is in default on the subject loan and is still obligated to pay a high balance and a scheduled monthly payment, rendering Plaintiff a high risk consumer and damaging his creditworthiness. Moreover, it creates the impression that Plaintiff has a balance and must continue making payments on the Flagship account.

35.   On April 4, 2019, in an effort to remedy the continued inaccurate and incomplete reporting of the subject loan and to validate the accuracy of Defendants' credit reporting, Plaintiff purchased an Equifax 3 in 1 Credit Report and Score for $39.95.

36.   The Equifax Credit Report revealed that Ford, Flagship, and Equifax were still inaccurately reporting the subject loan as delinquent, and indicated that Plaintiff is still personally responsible for and delinquent on the subject loan, as well as that Plaintiff still had a Balance and Monthly payment due on the Flagship account. Moreover, Ford and Equifax failed to report the subject loan as discharged in bankruptcy.

6

37.   Plaintiff suffered monetary damages he otherwise would not have incurred had Defendants ceased or corrected the inaccurate and incomplete reporting of the subject loan after Plaintiff's dispute.

38.   As a result of the conduct, actions, and inaction of the Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out-of-pocket expenses, the loss of credit opportunity, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit file, and mental and emotional pain and suffering.

39.   Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to resolve the erroneous credit reporting of the Ford and Flagship trade lines.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
#### (AGAINST FLAGSHIP)

40.   Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41.   Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

42.   Plaintiff is a "person" as defined by 15 U.S.C. §1681a(b).

43.   Flagship is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

44.   At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

45.   Flagship violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax and Plaintiff.

46.   Flagship violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

47.   Had Flagship reviewed the information provided by Equifax and Plaintiff, it would have corrected the inaccurate designation of the Flagship account, transmitting the correct information to

7

Equifax. Instead, Flagship wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

48. Flagship violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the complete results of the investigation or reinvestigation of Plaintiff's dispute with Equifax.

49. Flagship violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax after being put on notice and discovering inaccurate, incomplete, and misleading reporting with respect to the Flagship account.

50. Flagship violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information from appearing and reappearing on Plaintiff's credit files.

51. Flagship failed to conduct a reasonable investigation of its reporting of the Flagship account, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit files within 30 days of receiving notice of Plaintiff's dispute from Equifax under 15 U.S.C. §1681i(a)(1).

52. Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, Flagship did not correct the errors or the trade line to report accurately and completely. Instead, Flagship wrongfully furnished and re-reported the inaccurate, incomplete and misleading information after Plaintiff's dispute to one or more third parties.

53. A reasonable investigation by Flagship would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information continues to be reported in Plaintiff's credit files.

54. Had Flagship taken steps to investigate Plaintiff's valid dispute or Equifax's request for investigation, it would have permanently corrected the erroneous, incomplete, and materially misleading credit reporting.

8

55.   By deviating from the standards established by the credit union industry and the FCRA, Flagship acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

**WHEREFORE,** Plaintiff CHRISTOPHER J. LEON respectfully pray this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Flagship immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST FORD)

56.   Plaintiff restates and realleges paragraphs 1 through 55 as though fully set forth herein.

57.   Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

58.   Plaintiff is a "person" as defined by 15 U.S.C. §1681a(b).

59.   Ford is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

60.   At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

9

61.   Ford violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax and Plaintiff.

62.   Ford violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, especially Plaintiff's discharge order, provided by Equifax and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

63.   Had Ford reviewed the information provided by Equifax and Plaintiff, it would have corrected the inaccurate designation of the subject loan, transmitting the correct information to Equifax. Instead, Ford wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

64.   Ford violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the complete results of the investigation or reinvestigation of Plaintiff's dispute with Equifax.

65.   Ford violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax after being put on notice and discovering inaccurate, incomplete, and misleading reporting with respect to the subject loan.

66.   Ford violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information from appearing and reappearing on Plaintiff's credit files.

67.   Ford failed to conduct a reasonable investigation of its reporting of the subject loan, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit files within 30 days of receiving notice of Plaintiff's dispute from Equifax under 15 U.S.C. §1681i(a)(1).

68.   Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, Ford did not correct the errors or the trade line to report accurately and completely. Instead, Ford wrongfully furnished and re-reported the inaccurate, incomplete and misleading information after Plaintiff's dispute to one or more third parties.

10

69.   Moreover, Ford failed to report the subject loan as discharged in bankruptcy.

70.   A reasonable investigation by Ford would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information continues to be reported in Plaintiff's credit files.

71.   Had Ford taken steps to investigate Plaintiff's valid dispute or Equifax's request for investigation, it would have permanently corrected the erroneous, incomplete, and materially misleading credit reporting. Plaintiff provided all relevant information to support his valid dispute in his request for investigation. Furthermore, Plaintiff's bankruptcy information is public record that is widely available and easily accessible.

72.   By deviating from the standards established by the credit union industry and the FCRA, Ford acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

**WHEREFORE,** Plaintiff CHRISTOPHER J. LEON respectfully pray this Honorable Court for the following relief:

h.   Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

i.   An order directing that Ford immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

j.   Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

k.   Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

l.   Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

m.   Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

Award any other relief as this Honorable Court deems just and appropriate.

**COUNT III - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
(AGAINST EQUIFAX)

11

73.   Plaintiff restate and realleges paragraphs 1 through 72 as though fully set forth herein.

74.   Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

75.   Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

76.   At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

77.   At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

78.   The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

79.   The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

80.   If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

81.   Plaintiff provided Equifax with all relevant information and documentation in his request for investigation and reinvestigation to reflect his bankruptcy discharge and that he is no longer personally liable for the subject loan.

82.   Furthermore, Plaintiff provided Equifax with all relevant information in his request for investigation to reflect that he is no longer personally liable for the Flagship account.

83.   Equifax prepared Plaintiff's credit reports containing inaccurate, incomplete, and materially misleading information by reporting the subject loan with a balance, a past due amount, a monthly

12

payment amount due, and derogatory statuses and remarks when in fact Plaintiff had received a bankruptcy discharge, and was no longer delinquent nor obligated to pay on the subject loan.

84.   Moreover, Equifax prepared Plaintiff's credit reports containing inaccurate, incomplete, and materially misleading information by reporting the Flagship account with a balance and monthly payment amount, even though the account was fully paid and closed.

85.   Equifax prepared an incomplete consumer report of Plaintiff by failing to completely and accurately notate that Plaintiff is disputing the reporting of the subject loan and Flagship account in violation of 15 U.S.C. §1681c(f).

86.   Moreover, Equifax failed to report the Ford trade line as discharged in bankruptcy.

87.   A simple review of the relevant documents submitted by Plaintiff would have confirmed that Plaintiff had filed bankruptcy and received a discharge.

88.   Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared patently false, incomplete, and materially misleading consumer reports concerning Plaintiff.

89.   Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

90.   Had Equifax taken any steps to investigate Plaintiff's valid disputes, it would have determined that subject loan was discharged in Plaintiff's bankruptcy and that the Flagship account was fully paid and closed.

91.   Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Ford and Flagship. Upon information and belief, Equifax also failed to include all relevant

information as part of the notice to Ford and Flagship regarding Plaintiff's dispute that Equifax received from Plaintiff.

92.   Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject loan.

93.   Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

94.   Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Ford and Flagship that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

95.   Equifax violated 15 U.S.C. §1681c(f) by failing to notate that Plaintiff disputed the reporting of the subject loan and Flagship account. Equifax is required to notate each account that a consumer disputes in each consumer report that includes the disputed information.

96.   After Plaintiff's written detailed disputes, Equifax had specific information related to Plaintiff's bankruptcy case, and subsequent discharge order, which included the subject loan.

97.   Equifax knew that the inaccurate reporting of the subject loan in Plaintiff's credit files under the Ford trade line as delinquent with a balance amount and a past due amount after his bankruptcy discharge, would have a significant adverse effect on Plaintiff's credit worthiness and ability to receive a "fresh start" after working hard to complete his bankruptcy.

98.   Furthermore, Equifax knew that the inaccurate reporting of the Flagship account in Plaintiff's credit files under the Flagship trade line would have a significant adverse effect on Plaintiff's credit worthiness.

99.   The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

14

100. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Equifax readily sold Plaintiff's inaccurate, incomplete, and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

101. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

102. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

103. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately and completely.

104. Equifax acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually delinquent on the subject loan after Plaintiff was discharged in bankruptcy.

105. Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

106. As stated above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff CHRISTOPHER J. LEON respectfully pray this Honorable Court for the following relief:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

15

c.  Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d.  Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g.  Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: August 27, 2019                    **Respectfully Submitted,**

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Email: nick@wajdalawgroup.com